# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH BOWNES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CASE NO.   05-cv-869-JPG-PMF |
| | ) |
| DONALD GAETZ, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Kenneth Bownes' § 2254 petition for a writ of habeas corpus (Doc. No. 1). Bownes is confined at Menard Correctional Center, where he is serving life terms after being convicted of two counts of first degree murder in St. Clair County Circuit Court. Bownes presents three grounds for habeas relief:

(1). He was deprived of his due process right to a fair trial when the trial judge failed to clarify the law in response to an inquiry from the jury, and

(2). He was deprived of the reasonable assistance of counsel during post-conviction proceedings when counsel failed to amend the petition in order to raise additional arguments and explain prior proceedings.

(3). He was deprived of effective assistance of trial counsel and appellate counsel when evidence went unchallenged and arguments were not raised.

Before considering the merits of these arguments, the Court considers respondent's procedural defense that the petition is barred as untimely filed.

## Background

Bownes was sentenced to two terms of natural life imprisonment on March 10, 1994. He filed his first post-conviction petition on January 23, 1997. In that petition, Bownes asked for an opportunity to file a direct appeal due to his trial counsel's failure to perfect an appeal. The trial judge heard testimony and granted the petition. Bownes was given 30 days to file a notice of appeal.

Bownes filed his direct appeal and argued to the Illinois Appellate Court that he did not receive a fair trial because the trial judge failed to clarify the law in response to an inquiry from the jury, and that his trial counsel rendered ineffective assistance. On October 20, 1999, the Illinois Appellate Court affirmed Bownes' conviction (Doc. No. 13-2). On November 1, 1999, Bownes filed a notice of his intent to appeal with the Illinois Court of Appeals. On November 17, 1999, he filed a petition for leave to appeal to the Illinois Supreme Court. That petition was denied on February 2, 2000.

On August 8, 2000, Bownes's second petition for post-conviction relief was received and file-stamped. In that proceeding, he was represented by counsel, who filed an amended petition on February 6, 2001. On March 7, 2001, the State moved to dismiss. One of the arguments advanced in support of the state's motion was that the second petition was not filed in a timely manner (Doc. No. 13-12). An evidentiary hearing was held on August 2, 2001. On September 5, 2002, the trial court dismissed the second petition on two grounds: it was late without excuse and raised issues that could have been raised on direct appeal.

Bownes appealed the trial court's decision. On November 17, 2004, the Illinois Appellate Court affirmed, making this initial finding:

> In order to be timely, the defendant should have filed his postconviction petition within six months of November 10, 1999 (21 days after the October 20, 1999, order), or May 10, 2000. The defendant's petition was not filed until August 8, 2000, nearly nine months after the date for filing a petition for leave to appeal. For these reasons, the defendant's petition was not timely filed.

(Doc. No. 46). After first concluding that the second post-conviction petition was untimely, the Illinois Appellate Court proceeded to evaluate the merits of Bownes' arguments, finding that he had received effective assistance from trial counsel and had received reasonable assistance from post-conviction counsel.

In December, 2004, Bownes filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on September 29, 2005.

On December 6, 2005, Bownes filed this petition for habeas relief.

## Timeliness

Respondent contends that this action is time-barred under the one-year limitation period applicable to habeas litigation. While there are different options for calculating the start date of the one-year period, the parties agree that in these circumstances, the period started to run when the state court judgment became final by the conclusion of direct review. 28 U.S.C. § 2254(d)(1)(a).

The state court judgment became final by the conclusion of direct review on May 2, 2000. This date falls 90 days after February 2, 2000, the date the Illinois Supreme Court denied Bownes' November 17, 1999, petition for leave to appeal.[1] Under the defense calculation, the one-year limitations period ran continuously and expired well before Bownes filed his habeas petition.

---

[1] The 90 day extension accounts for the period in which Bownes could have sought a writ of certiorari from the U.S. Supreme Court.

Bownes raises several arguments in response.  He contends that respondent waived the untimeliness argument ant that his claims are ripe for habeas review because the state court resolved those claims on the merits.  He also argues that two tolling theories operate to extend his filing deadline.  He argues that the one-year period was tolled under the statutory exception, which applies when a properly filed post conviction petition is pending.  28 U.S.C. § 2244(d)(2).  If this argument is correct, the state court review did not become final until September 29, 2005, the date the Illinois Supreme Court denied Bownes' petition for leave to appeal the Appellate Court's decision denying his second post-conviction petition.  Bownes' habeas petition was filed well within the one-year period after that date.

Alternatively, Bownes argues that the one-year period was tolled under the doctrine of equitable tolling.  These arguments are addressed in turn.

I.     <u>Waiver</u>

Bownes suggest that the respondent has waived the argument that his habeas petition was filed in an untimely manner.  He notes that  the untimeliness argument advanced by respondent is based on a different (and more complete) chronology of events than the untimeliness argument that was advanced by the State as grounds to dismiss his second post-conviction petition.

In § 2254 litigation, a procedural bar must be stated in the Answer.  28 U.S.C. § 2254 (Rule 5(b)).  Respondent properly raised untimeliness as a procedural defense in his Answer (Doc. No. 13, p. 10-15).  The untimeliness argument is based on the federal limitations period set forth in 28 U.S.C. § 2244(d)(2).  Because the argument is separate and distinct from the untimeliness argument that was presented to the state court, there is no waiver of the argument.

II.     Ripeness

Bownes argues that his habeas claims are ripe for consideration because the state court proceeded beyond the timeliness argument and ruled on the merits of the claims he raised in his second post-conviction petition.  When a state court decides a case on a procedural ground and also reaches the merits, the procedural ground is not ignored when the case arrives in federal court. Rather, the procedural ground is respected so long as it provides an independent and adequate ground for the state court decision.  *Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Brooks v Walls*, 279 F.3d 518, 522 (7th Cir. 2002).

The last state court to address the timeliness issue found that Bownes' second petition for post-conviction relief was untimely (Doc. No. 46, p. 2-3).  The state court's finding of untimeliness is an independent and adequate ground supporting the state court's decision apart from the view regarding the merits of Bownes' claims for post-conviction relief.  The procedural defense should not be overlooked in these circumstances.

III.    Statutory Tolling – Properly Filed Post-Conviction Petition

The parties agree that when a "properly filed" application for post-conviction relief is pending, that time is not counted toward the limitation period.  28 U.S.C. § 2244(d)(2).  The trial court and the Illinois Appellate Court considered the timeliness of the second post-conviction and resolved the issue against Bownes.  On September 5, 2002, Judge James K. Donovan found the second post-conviction petition to be untimely:

> The court finds that the State is correct and that the petition was not filed within the limitations period and the defendant has not made a sufficient showing to avoid the application of the limitation period.

(Doc. No. 13-14, p. 2).  On November 17, 2004, the Illinois Appellate Court also found the second

post-conviction petition to be untimely:

> The defendant's petition was not filed until August 8, 2000, nearly nine months after the date for filing a petition for leave to appeal. For these reasons, the defendant's petition was not timely filed.

(Doc. No. 46, p. 3). Those decisions should be accepted by this Court. *Allen v. Siebert*, 552 U.S. 3, 4 (1997); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Bownes suggests that the state court made the wrong decision on the timeliness issue. He believes he properly filed his post-conviction petition because it was mailed in a timely manner or was filed only a few days beyond the state law deadline under circumstances that would not qualify as culpable negligence. This argument is based on two preliminary adjustments to the dates that were evaluated by the state courts.

Bownes' first point is that the state court should have determined that August 1, 2000, was he date he filed his second post-conviction petition. That petition was file-stamped on August 8, 2000 (Doc. No. 13-8). If an evidentiary hearing were conducted, Bownes might testify that he placed his second post-conviction petition in the institutional mail no later than August 1, 2000. That evidence, viewed in light of the mailbox rule, might support a finding that August 1, 2000, was the actual filing date for the second post-conviction petition. *See Houston v. Lack*, 487 U.S. 266 (1988)(prisoners' notice of appeal is filed at the moment of delivery to prison officials for mailing).

Two factors detract from this argument. First, the "mailbox rule" is a creature of federal law and does not necessarily control a decision regarding the timeliness of petitions filed in state court. Also, the term "filed" as used in § 2244(d), means the date the document was delivered to and accepted by the appropriate court officer for placement in the official record. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Moreover, the state court finding that the second post-conviction petition was not filed until August 8, 2000, is presumed correct, absent clear and convincing evidence in rebuttal. 28 U.S.C. § 2254(e)(1). When a habeas applicant fails to develop the factual basis for an argument in the state court proceedings, this Court will not hold an evidentiary hearing when the factual predicate could have been discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2).

The factual basis for Bownes' claim that he placed his second petition for post-conviction relief in the mail on August 1, 2000, was known to Bownes throughout the state court proceedings. He did not advance that position or develop facts regarding the date the petition was mailed. Rather, Bownes accepted August 8, 2000, as the correct filing date. In his brief to the Illinois Appellate Court, he wrote that, "[a] 'second' post-conviction petition (the instant one) was filed on August 8, 2000" (Doc. No. 13-15, p. 16). Hence, an evidentiary hearing to develop facts that might now demonstrate that August 1, 2000, was the actual filing date is not appropriate.

Bownes also proposes that he can avoid the state-court limitation period by making a showing that any filing delay did not result from his own culpable negligence. He points out that he does not have a legal education, is incarcerated, and has limited access to legal resources.

In Illinois proceedings, defendants may allege facts showing that delay in filing a post-conviction petition is not due to their culpable negligence. 725 ILCS 5/122-1(c). The trial court specifically considered this option and decided that Bownes had "not made a sufficient showing to avoid the application of the limitation period." (Doc. No. 13-14, p. 2). Because the predicate facts supporting an argument that Bownes was free of culpable negligence were available to Bownes and were not developed during the state post-conviction proceedings, an evidentiary hearing should not be held to develop this evidence. 28 U.S.C. § 2254(e)(2).

More importantly, this Court's role does not include delving into state court law in order to decide whether Bownes' second petition for post-conviction relief was timely or untimely under state procedural rules. The short answer is that the second post-conviction petition was not "properly filed" for purposes of § 2244(d)(2) because the state court evaluated the timeliness question and specifically determined that the pleading was untimely. *Allen v. Siebert*, 552 U.S. at 4. Because federal courts are to "focus on what the state court actually decided rather than what a federal court believes it could, or should, have done," *Evans v. Chavis*, 546 U.S. 189, 206 (2006), no further inquiry is required, or appropriate.

IV.   Equitable Tolling

Bownes has asked the Court to invoke equitable tolling principles, which may apply to cases on collateral review. To invoke the doctrine, Bownes must demonstrate (1) that extraordinary circumstances outside of his control and through no fault of his own prevented him from filing his habeas petition in a timely manner, and (2) that he diligently pursued his claims for habeas relief. *Pace v. DiGuglielmo*, 544 U.S. at 418; *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Bownes points out that he was diligent in pursuing state court remedies and that his post-conviction counsel did not correct mistakes or present facts to show that any delay in filing the petition was not due to Bownes' culpable negligence. He suggests that post-conviction counsel's missteps were factors beyond his control.

The state court proceedings became final on May 2, 2000. Bownes could have filed his habeas petition at any time during the following year. He did not file his habeas petition until December, 2005, well beyond the end of the statutory limitations period. When Bownes pursued his second petition for post-conviction relief, he was placed on notice that those proceedings were

untimely (Doc. No. 13-12). He did not take steps to file his habeas petition at that time and did not take steps to demonstrate to the state courts that his second post-conviction petition was filed in a timely manner. Omissions and errors attributed to post-conviction counsel did not prevent Bownes from filing his habeas petition between May 2, 2000, and May 2, 2001. Post-conviction counsel's failure to discover that Bownes had filed a petition for leave to appeal to the Illinois Supreme Court and failure to present facts that might have shown that Bownes was free of culpable negligence are not extraordinary circumstances beyond Bownes' control.

Equitable tolling is rare in habeas proceedings. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)(noting that the Court of Appeals has yet to apply the doctrine). Bownes's procedural difficulties do not take his case far beyond the ordinary. The doctrine should not be applied in these circumstances.

## Conclusion

Bownes' § 2254 habeas petition was due to be filed by May 2, 2001. The petition was not filed until December 6, 2005. The circumstances do not permit statutory or equitable tolling of the limitations period. Because respondent's procedural defense has merit, the arguments for habeas relief are not reached.

IT IS RECOMMENDED that Bownes' petition (Doc. No. 1) be DISMISSED on the ground that it is untimely.

**SUBMITTED:** __May 25, 2010__ .

                                                     __S/ Philip M. Frazier__
                                                   **PHILIP M. FRAZIER**
                                                   **UNITED STATES MAGISTRATE JUDGE**