UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

KENNETH BOWNES,

    Petitioner,

v.

ALAN UCHTMAN, DONALD HULICK,
and DONALD GAETZ,

    Respondents.

Case No. 05-cv-869-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendations ("R & R") (Doc. 69) of May 25, 2010. In said R & R, it is recommended, *inter alia*, that the Court deny Petitioner Kenneth Bownes' (hereinafter "Bownes") Petition for Writ of Habeas Corpus (Doc. 1), which he brings pursuant to 28 U.S.C. § 2254.

After reviewing a report and recommendation, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In his Objection (Doc. 70) and Supplement (Doc. 71), Bownes takes issue with the underlying R & R on three grounds. Each will be addressed in kind. Meanwhile, the Court has

reviewed the unobjected portions of the R & R for clear error and does not find them to be clearly erroneous.

## ANALYSIS

I.  **Waiver and Judicial Estoppel**

First, Bownes contends that Magistrate Judge Frazier did not properly consider whether Defendant Donald Gaetz (hereinafter "Gaetz") waived his timeliness argument. Bownes' position compares Gaetz's stance during the second post-conviction proceeding in state court and the instant habeas proceeding. Throughout the second post-conviction proceeding, Gaetz did not acknowledge that Bownes filed a petition for leave to appeal (hereinafter "PLA") with the Illinois Supreme Court during his first post-conviction proceeding; as a result, Gaetz maintained that the second post-conviction petition was untimely by more than three months. In this litigation, however, Gaetz admits his "incorrect belief" concerning the PLA and now maintains that the second post-conviction petition was one day late. (Doc. 13, p. 10). Bownes argues that these inconsistent stances are tantamount to waiver or that they should be subject to judicial estoppel. Recognizing that Gaetz's current argument "is based on the federal limitations period set forth in 28 U.S.C. § 2244(d)(2)" and that it is "separate and distinct from the untimeliness argument that was presented to state court," Magistrate Judge Frazier makes no recommendation of waiver. (Doc. 69, p. 4).

The Court agrees with Magistrate Judge Frazier because, put simply, the doctrines of waiver and judicial estoppel do not support Bownes' theory of the case. Gaetz's "incorrect belief" hardly smacks of the intentional relinquishment that defines the doctrine of waiver. *United States v. Rodriguez-Gomez*, 608 F.3d 969, 972 (7th Cir. 2010) ("Waiver is the intentional

relinquishment of a known right . . . ."). Bownes cites *People v. Pinkonsly*, 802 N.E.2d 236 (Ill. 2003) in his Supplement (Doc. 66) to serve his argument of waiver. In *Pinkonsly*, the Illinois Supreme Court found that, in failing to raise timeliness as a defense until it answered the defendant's appeal, the state waived any timeliness argument. *Id*. at 241-242. Unlike the state in *Pinkonsly*, however, Gaetz raised untimeliness as a defense with the trial court in a motion to dismiss during the second post-conviction proceeding. (Doc. 13-11, p. 2) ("That the Petition is not timely filed as required under Chapter 725, Act 5, Section 122-1(c) of the Illinois Compiled Statutes in that defendant's conviction was affirmed on October 20, 1999 and this Petition was filed on August 3, 2000.").

As Bownes discusses in his objection to the R & R, his first argument is more akin to one seeking judicial estoppel. Judicial estoppel is "an equitable concept providing that a party who prevails on one ground in a lawsuit may not . . . in another lawsuit repudiate that ground." *Brown v. Watters*, 599 F.3d 602, 615 (7th Cir. 2010) (citation omitted). Courts should give great pause before invoking the doctrine of judicial estoppel, as the "litigant's subsequent position must be *clearly inconsistent* with his earlier position." *Id*. (emphasis added); *Butler v. Vill. of Round Lake Police Dep't*, 585 F.3d 1020, 1022 (7th Cir. 2009) (Judicial estoppel's "purpose is to prevent a litigant from prevailing twice on *opposite* theories.") (emphasis added) (citation omitted). Here, it can be hardly said that Gaetz has maintained two theories that are wholly incompatible; in fact, Bownes concedes as much. (Doc. 70, p. 4) ("[I]t cannot be said that Respondent's position in federal court is the polar opposite of the one it took in state court."). Gaetz maintained throughout the second post-conviction proceeding and continues to maintain in this proceeding that Bownes' second post-conviction petition was untimely. The Court will

not be so brash as to deem his unintentional misrepresentation regarding the PLA as an appropriate basis for invoking judicial estoppel. Further, invocation of judicial estoppel would not call upon the doctrine's equitable underpinnings, which would have this Court look to any justifiable reliance or "lulling" of Bownes caused by Gaetz's prior stance. No one knew better than Bownes that he had filed a PLA. At the time Gaetz filed his motion to dismiss the second post-conviction petition, Bownes had ample notice to contest his opponent's version of the procedural posture and argument arising therefrom.

**II.     (Un)Timeliness**

Bownes next argues that this Court is not bound by the Illinois appellate court's finding of untimeliness and, to the extent it is, any presumption of correctness is rebutted by clear and convincing evidence.

Bownes brings the instant petition pursuant to 28 U.S.C. § 2254, which states, in relevant part, as follows:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1) (2006). As long as the state court acted reasonably, this Court is not permitted to substitute its own independent judgment as to the outcome. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000). For the state court to have acted unreasonably, its "application of federal law must be 'well outside the boundaries of permissible differences of opinion.'" *Collins v. Gaetz*, 612 F.3d 574, 585 (7th Cir. 2010) (citation omitted). Merely erroneous or incorrect application of federal law is not enough to sustain a finding of

unreasonableness. *Id*. (relying upon *Williams v. Taylor*, 529 U.S. 362, 411 (2000)); *U.S. ex rel. Aleman v. Sternes*, 205 F. Supp. 2d 906, 911 (N.D. Ill. 2002) ("For *habeas* relief, the state court's decision must be both incorrect and unreasonable."). Put another way, federal courts must ask whether a state court's decision "is at least minimally consistent with the facts and circumstances of the case" or "if it is one of several equally plausible outcomes." *Boss v. Pierce*, 263 F.3d 734, 742 (7th Cir.2001) (quotations omitted). If these questions may be answered in the affirmative, then a federal court must respect the decision of the state court.

Here, for the reasons discussed in the R & R, Bownes filed his second post-conviction petition six days past the relevant deadline. While it is true that the Illinois appellate court's rationale rested on the notion that Bownes' petition was more than three months late, there is nothing in the record to indicate that its decision should be disturbed. A finding that Bownes' petition was six days or three months late lead to the same conclusion of untimeliness. In the vein of *Boss*, the Illinois court's holding is consistent with the facts and circumstances of the case, regardless of whether one considers the PLA. At the very least, it is plausible that the Illinois appellate court would have came to the same conclusion of untimeliness.

Bownes, of course, argues that the Illinois courts did not analyze whether his late filing is excused due to a lack of culpable negligence on his part. He theorizes that a lack of culpable negligence, or at least greater evidence thereof, is dictated by the new understanding of his post-conviction chronology. As Magistrate Judge Frazier pointed out, however, the Illinois trial court specifically declined traveling this path. (Doc. 13-13, p. 2) ("[T]he defendant has not made a sufficient showing to avoid the application of the limitation period."). Because his second post-conviction petition has been deemed untimely by all courts that have considered it, Bownes had

both the predicate facts and the opportunity to develop his lack of culpable negligence theory during his second post-conviction proceeding. He chose not to do so. As such, the Court need not hold an evidentiary hearing nor delve any deeper into the matter now. *See* § 2254(e)(2)(A)(ii).

### III.    Equitable Tolling

Finally, Bownes argues that equitable tolling principles apply to his case and render the instant habeas petition timely. For equitable tolling to apply, a petitioner must establish both of the following premises: (1) "extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition[;]" and (2) "he has diligently pursued his claim, despite the obstacle." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). "The diligence required for equitable tolling purposes is reasonable diligence . . . ." *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010).

As the R & R succinctly explains, the state court proceedings were final as of May 2, 2000. Bownes had a year from that date in which to timely file a habeas petition with this Court. Bownes, however, waited until December 8, 2005, to file the instant habeas petition. During this gap in time, the Illinois courts informed Bownes of the untimeliness of his second post-conviction petition. Bownes' inaction demonstrates that he did not exercise reasonable diligence in pursuing the instant habeas petition. This obvious lack of diligence, coupled with the rarity of equitable tolling's invocation, mandates that the doctrine not be applied to this case.

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R & R in its entirety and incorporates the analysis contained herein, whereby the Court **DENIES** Bownes' Petition for Writ of Habeas

Corpus (Doc. 1) and this case **with prejudice**.  Further, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**
**DATED: September 29, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**
