UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

KENNETH BOWNES,

     Petitioner,

    v.

ALAN UCHTMAN, DONALD HULICK,
and DONALD GAETZ,

     Respondents.

Case No. 05-cv-869-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Kenneth Bownes' Motion for a Certificate of Appealability (Doc. 74). A § 2255 petitioner may not proceed on appeal without such a certificate. 28 U.S.C. § 2253(c)(1) (2006); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

Here, in its Memorandum and Order (Doc. 72) of September 29, 2010, the Court denied Bownes' Petition for Writ of Habeas Corpus (Doc. 1) due to its untimeliness. "Disputes about a petition's timeliness do not support an appeal unless a substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264

1

F.3d 723, 725 (7th Cir. 2001) (citing *Slack*, 529 U.S. at 483-85).  Due to the intricate facts of this case, the Court believes its resolution of the timeliness issue is one that reasonable jurists could debate and one that adequately deserves encouragement to proceed further.  Further, the Court believes that the alleged constitutional deprivation, namely whether application of the accountability jury instruction by the state trial court violated Bownes' constitutional rights, sufficiently lurks in the background and could also be debated by reasonable jurists.  Finally, the Court believes that the statutory question is independently substantial.

For the foregoing reasons, the Court finds that Bownes has made the necessary showing with respect to the following issues:

1) Whether the instant habeas petition was timely because the deadline for filing was tolled by his second post-conviction petition in state court, which was arguably timely due to a lack of culpable negligence in its late filing?[1]

2) Whether the state jury applied the jury instruction concerning accountability in a way that violated the Constitution?

Accordingly, the Court hereby **GRANTS** Bownes' Motion for a Certificate of Appealability (Doc. 74) on the aforesaid issues and **CERTIFIES** said issues as **APPEALABLE**.

**IT IS SO ORDERED**
**DATED: October 28, 2010**

s J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1]The Court is not certifying Bownes' argument that Defendants waived timeliness as a defense or any argument relating to equitable tolling.

2