UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

KENNETH BOWNES,

    Petitioner,

v.

                                      Case No. 05-cv-869-JPG

DONALD GAETZ,

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Kenneth Bownes' Motion to Amend (Doc. 76) and Motion for Extension of Time (Doc. 77).

With respect to his first motion, Bownes seeks to amend the Court's Memorandum and Order (Doc. 72) of September 29, 2010, which, *inter alia*, denied Bownes' Petition for Writ of Habeas Corpus (Doc. 1) and this case with prejudice.  Specifically, in a purported effort to comply with Federal Rule of Appellate Procedure 5(a)(3) (hereinafter "Rule 5(a)(3)"), Bownes now asks the Court to issue an amended order that contains both the contents of the September 29 order and the issues that the Court certified as appealable in a subsequent, post-judgment Memorandum and Order (Doc. 75).

Rule 5(a)(3) states as follows:

> If a party *cannot* petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.  In that event, the time to petition runs from entry of the amended order.

F. R. App. P. 5(a)(3) (emphasis added).  This rule of procedure, which is predicated upon the

1

district court acting as the *sole* gatekeeper of appeals, does not apply to Bownes' appeal because a circuit justice could have granted him a certificate of appealability had this Court not done so. *See* 28 U.S.C. § 2253(c)(1)(A) (2006) ("Unless a *circuit justice or* judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .") (emphasis added); Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it."). Moreover, the Court notes that compliance with Rule 5(a)(3) is usually confined to interlocutory appeals made under 28 U.S.C. § 1292(b). *See Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006).

Put simply, neither Bownes nor the Court needs to comply with Rule 5(a)(3) in order for Bownes to effectively appeal from the denial of his habeas petition. For these reasons, the Court **DENIES** Bownes' Motion to Amend (Doc. 76).

In his second motion, Bownes requests an extension of time in which to file his notice of appeal. A notice of appeal must generally be filed within 30 days of judgment or the order appealed from is entered, even if a petitioner has requested a certificate of appealability. F. R. App. P. 4(a)(1)(A). A district court can extend the deadline for filing a notice of appeal if "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires[,] and . . . that party shows excusable neglect or good cause." F. R. App. P. 4(a)(5)(A).

Here, Bownes has yet to file an appeal despite judgment being entered on September 29, 2010. Bownes contends he was unaware that his certificate of appealability did not toll

the deadline for filing a notice of appeal.  Because the relevant rule was only recently enacted in December 2009, the Court is satisfied that Bownes' misassumption constitutes excusable neglect for purposes of Federal Rule of Appellate Procedure 4(a)(5)(A).  Accordingly, the Court **GRANTS** Bownes' Motion for Extension of Time (Doc. 77).  Bownes shall have up to and including November 22, 2010, in which to file his notice of appeal.

**IT IS SO ORDERED**
**DATED: November 15, 2010**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**